UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,

        Plaintiff,

  v.

U.S. DEPARTMENT OF THE TREASURY, et al.,

        Defendants.

Civil Action No. 25-1966 (AHA)

**JOINT STATUS REPORT**

Pursuant to the Court's January 6, 2026, Minute Order, the parties respectfully submit this joint status report.

Plaintiff American Oversight ("Plaintiff") instituted this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, regarding FOIA requests it submitted to Defendants, the Department of the Treasury ("Treasury") and the Social Security Administration ("Social Security"), which sought information about individuals who have been granted data access to Defendants' systems and data.

Plaintiff's February 25, 2025, FOIA request to Treasury seeks the following records from January 20, 2025, through the date the search is conducted:

    1. Records sufficient to identify the name, title, office, category of employment, and level of access of all individuals who have been granted access for the first time to personally identifiable or sensitive information or data since January 20, 2025.
    2. Records sufficient to identify, for all individuals identified above in part one of this request:
        a. The training provided to such individuals regarding the requirements for handling personally identifiable or sensitive information or data.
        b. The specific information or data to which such individuals have been granted access.
For part 2b of this request, American Oversight does not request - and this request specifically excludes - the complete sets of information or data responsive to this request.

> Rather, this request seeks records <u>sufficient to identify</u> this information or data, such as the name of the information or datasets.
>     c. The specific legal purpose for granting such individuals access to that personally identifiable or sensitive information or data.
> 3. Records sufficient to identify all steps that your agency has taken to protect personally identifiable or sensitive information or data in your agency's control, including records sufficient to identify how those steps have been communicated to each individual identified above in part one of this request.
> 4. Records sufficient to identify all memoranda of understanding (MOUs) between your agency and the Department of Government Efficiency (DOGE), U.S. DOGE Service (USDS, formerly U.S. Digital Service), and/or the U.S. DOGE Temporary Service Organization.
> American Oversight requests as responsive to part four of this request a complete, final copy of each responsive MOU.

*See* ECF No. 1, Compl. ¶ 26 ("Treasury Data Access Request"). Treasury advised the Court it that intends to move to dismiss parts 1, 2, and 3 of this request. During the meet and confer process, Plaintiff proposed the following narrowing of subpart 1 to only first-time grants of access to (a) the Bureau of the Fiscal Service payment systems, or (b) any other set of "personally identifiable or sensitive information or data" where such data set includes one or more of the following items: Social Security numbers, dates of birth, individual tax returns, individual credit scores, individual bank information, individual medical records, immigration status, citizenship status. Plaintiff proposed that the applicable narrowing of subpart 1 would also apply to subparts 2.a and 2.b and advised that it will no longer pursue subpart 2.c. Plaintiff also advised that it will no longer pursue subpart 3.

In response, Treasury agreed to provide Plaintiff with information regarding individuals who were onboarded (since January 20, 2025 through the date the search was conducted) to certain of the Bureau of the Fiscal Services payment systems and could then answer subparts 2.a and 2.b for the Treasury Data Access Request. The parties are continuing to discuss and confirm the exact scope of the tailoring regarding this request.

On February 28, 2025, Plaintiff submitted a FOIA request to Treasury seeking:

2

1. All records governing the operation, access controls, and separation of duties protocols of the Bureau of Fiscal Service payments systems - including directives, instructions, directions, memoranda, policies, procedures, protocols, informal email guidance, and/or any other informal written guidance - in effect on January 19, 2025.
2. All records governing the operation, access controls, and separation of duties protocols of the Bureau of Fiscal Service payments systems - including directives, instructions, directions, memoranda, policies, procedures, informal email guidance, and/or any other informal written guidance - issued, updated, modified, rescinded, and/or otherwise altered on or after January 20, 2025.
3. Records sufficient to identify the name, title, category of employment, and level of access, of all federal officials with any level of access to the Bureau of Fiscal Service payments systems on January 19, 2025.
For part three of this request, to the extent this information is aggregated and maintained in a database or spreadsheet, American Oversight would accept as responsive a printout from the database containing fields responsive to this request.
4. Records sufficient to identify the name, title, category of employment, and level of access, of all federal officials who gained any level of access to the Bureau of Fiscal Service payments systems from January 20, 2025, through the date the search is conducted.
For part four of this request, to the extent this information is aggregated and maintained in a database or spreadsheet, American Oversight would accept as responsive a printout from the database containing fields responsive to this request.

*Id.* ¶ 35 ("Treasury Payments Systems Request"). Treasury advised the Court that intends to move to dismiss this request. During the meet and confer process, Plaintiff advised that it will no longer pursue records specifically responsive to subparts 1 and 3. For subpart 2, Plaintiff proposed narrowing to "All records governing the access controls of the Bureau of Fiscal Payment Services….issued, updated, modified, rescinded, and/or otherwise altered on or after January 20, 2025." The parties are continuing to discuss the scope and definition of the term "access controls" as used by Plaintiff, and whether Treasury can fulfill the request as narrowed. With regards to subpart 4, the parties agree that the narrowing proposal for subpart 1 in the February 25, 2025 request will apply to subpart 4 of the February 28, 2025 request.

Plaintiff's February 25, 2025, FOIA request to Social Security seeks the following records from January 20, 2025, through the date the search is conducted:

1. Records sufficient to identify the name, title, office, category of employment, and level

3

    of access of all individuals who have been granted access for the first time to personally identifiable or sensitive information or data since January 20, 2025.
2. Records sufficient to identify, for all individuals identified above in part one of this request:
    a. The training provided to such individuals regarding the requirements for handling personally identifiable or sensitive information or data.
    b. The specific information or data to which such individuals have been granted access.
For part 2b of this request, American Oversight does <u>not</u> request - and this request specifically <u>excludes</u> - the complete sets of information or data responsive to this request. Rather, this request seeks records <u>sufficient to identify</u> this information or data, such as the name of the information or datasets.
    c. The specific legal purpose for granting such individuals access to that personally identifiable or sensitive information or data.
3. Records sufficient to identify all steps that your agency has taken to protect personally identifiable or sensitive information or data in your agency's control, including records sufficient to identify how those steps have been communicated to each individual identified above in part one of this request.
4. Records sufficient to identify all memoranda of understanding (MOUs) between your agency and the Department of Government Efficiency (DOGE), U.S. DOGE Service (USDS, formerly U.S. Digital Service), and/or the U.S. DOGE Temporary Service Organization.
American Oversight requests as responsive to part four of this request a complete, final copy of each responsive MOU.
5. All records governing access to personally identifiable or sensitive information or data, including directives, instructions, directions, memoranda, policies, procedures, informal email guidance, and/or any other informal written guidance.

*See* ECF No. 1, Compl. ¶ 29 ("Social Security Data Access Request"). Social Security advised the Court that intends to move to dismiss parts 1, 2, 3, and 5 of this request. Responsive records to part 4 are available on Social Security's FOIA Reading Room. During the meet and confer process, Plaintiff proposed the following narrowing of subpart 1: to only first-time grants of access to (a) the Social Security Administration Numident database, (b) the Death Master File, (c) any database or dataset necessary to operate the SS Number Verification Service, or (d) any other set of "personally identifiable or sensitive information or data" where such data set includes one or more of the following items: Social Security numbers, dates of birth, individual tax returns, individual credit scores, individual bank information, individual medical records, immigration status,

4

citizenship status. Plaintiff proposed that the applicable narrowing of subpart 1 would also apply to subparts 2.a and 2.b and advised that it will no longer pursue subpart 2.c. During the meet and confer process, Social Security advised Plaintiff that it does not have any central database or tracking of who has been granted access to specific information and so cannot respond to the request without doing research on each individual employee and creating a record with this information. Without the ability to respond to subpart 1, Social Security is unable to respond to subpart 2. During the meet and confer process, Plaintiff raised questions about Social Security's ability to respond to this request, which Social Security is currently reviewing.

Plaintiff advised that it will no longer pursue subpart 3, and proposed narrowing subpart 5 to "All directives, instructions, directions, memoranda, policies, procedures, informal email guidance, and/or any other informal written guidance governing access to the databases or data sets containing personally identifiable or sensitive information or data specified in Part 1 of this request." In response, Social Security proposed searching for formal, agency wide policies or guidance issued since January 20, 2025, and advised Plaintiff that if there were certain custodians and certain search terms Plaintiff could propose then Social Security could consider that. Plaintiff agreed to start with the formal, agency wide policies or guidance and sent a list of custodians on January 5, 2025, and a list of potential search terms on January 6, 2025. Social Security is working on a potential counter proposal and will provide an update to Plaintiff on or before February 27, 2026.

Considering the current status of these discussions, the parties propose submitting another JSR on March 20, 2026, to update the Court on the status of the negotiations and propose next steps in resolving any remaining issues related to the above-identified three FOIA requests.

Dated: February 20, 2026				Respectfully submitted,

						/s/ Jessica Jensen
						JESSICA JENSEN
						D.C. Bar #1048305
						David Kronig
						D.C. Bar #1030649
						AMERICAN OVERSIGHT
						1030 15th Street NW, B255
						Washington, DC 20005
						(202) 869-5246
						Jessica.Jensen@americanoversight.org

						*Counsel for Plaintiff*

						JEANINE FERRIS PIRRO
						United States Attorney

						/s/ Kaitlin K. Eckrote
						KAITLIN K. ECKROTE
						D.C. Bar #1670899
						Assistant United States Attorney
						601 D Street, N.W.
						Washington, D.C. 20530
						(202) 252-2485

						*Attorneys for the United States of America*